# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ROBERT BAUM,

        Plaintiff,

  v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 3:22-cv-00152-SLG

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's *Motion to Dismiss* at Docket 6. Plaintiff did not file an opposition. Oral argument was not requested and was not necessary to the Court's decision. For the following reasons, the Court will grant the motion to dismiss.

## BACKGROUND

Plaintiff Robert Baum, proceeding *pro se*, initiated this suit in May 2022 in Alaska state court, naming U.S. District Judge Ralph R. Beistline as the defendant. Mr. Baum's suit alleges that Judge Beistline is liable to him for fraud. He seeks over $100,000 in damages.[1] The United States subsequently removed the case to this Court.[2]

---

[1] *See* Docket 1-1.

[2] Docket 1.

The United States has moved to dismiss Mr. Baum's suit for lack of jurisdiction.[3] Construing his suit as a fraud claim under the Federal Tort Claims Act (FTCA), the United States asserts that Mr. Baum has failed to exhaust his administrative remedies.[4] It also asserts the defense of sovereign immunity.[5]

Mr. Baum has not directly responded to the United States' motion.[6] The Court issued an order regarding the motion that directed Mr. Baum to respond within 21 days with evidence and legal arguments opposing the United States' assertions regarding the Court's lack of subject matter jurisdiction over his lawsuit.[7] But Mr. Baum has not filed any response since the entry of that order.

## LEGAL STANDARD

The term "subject matter jurisdiction" refers to a court's "power to hear" a specific category of case.[8] The requirement that a federal court have subject matter jurisdiction over a case can never be forfeited or waived.[9]

---

[3] Docket 6.

[4] Docket 6 at 3–5.

[5] Docket 6 at 5–6.

[6] Prior to the Court issuing this order, Mr. Baum did file a one-page handwritten letter with multiple attachments as well as a filing entitled "Response to Motion for Notice of Removal." Dockets 11, 12. Neither filing addressed the United States' jurisdictional arguments raised in its motion to dismiss. *See* Docket 12 at 32–33.

[7] Docket 13.

[8] *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

[9] *Id.*

Case No. 3:22-cv-00152-SLG, *Baum v. United States*
Order on Defendant's Motion to Dismiss
Page 2 of 4
Case 3:22-cv-00152-SLG   Document 14   Filed 09/30/22   Page 2 of 4

The United States has made a factual attach on the Court's subject matter jurisdiction by filing evidence that Mr. Baum had not exhausted his administrative remedies.[10] As previously explained to Mr. Baum, a plaintiff then "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."[11] "The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met."[12]

## DISCUSSION

The Court lacks subject matter jurisdiction over Mr. Baum's FTCA claim against Judge Beistline. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."[13] The Ninth Circuit has "repeatedly held that the [FTCA's] exhaustion requirement is jurisdictional in nature and must be interpreted strictly."[14] In the present case, the United States has provided clear evidence that Mr. Baum has not exhausted his administrative remedies,[15] and Mr. Baum has not refuted that evidence. Thus, the Court lacks

---

[10] *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)); *see also* Docket 8 (Decl. of Tiffany Lewis).

[11] *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)); *see also* Docket 13.

[12] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

[13] *McNeil v. United States*, 508 U.S. 106, 113 (1993).

[14] *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

[15] Docket 8.

Case No. 3:22-cv-00152-SLG, *Baum v. United States*
Order on Defendant's Motion to Dismiss
Page 3 of 4
Case 3:22-cv-00152-SLG Document 14 Filed 09/30/22 Page 3 of 4

subject matter jurisdiction over Mr. Baum's lawsuit against Judge Beistline. His lawsuit must therefore be dismissed.[16]

## CONCLUSION

For the foregoing reasons, the United States' motion to dismiss at Docket 6 is GRANTED. Mr. Baum's Complaint at Docket 1 is DISMISSED. The Clerk of Court is directed to enter a final judgment accordingly.

IT IS SO ORDERED.

DATED this 30th day of September, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[16] The Court notes that even if Mr. Baum had exhausted his administrative remedies, the doctrine of judicial immunity would still bar his claim against Judge Beistline. The FTCA statute specifies that "the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." 28 U.S.C. § 2674. Under federal law, judges "are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The Supreme Court has explained that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity must be "construed generously in favor of the judge." *Ashelman*, 793 F.2d at 1076. Here, there is no indication that Judge Beistline acted in the "clear absence of all jurisdiction." Therefore, any damages claim Mr. Baum brings against Judge Beistline for his rulings in Mr. Baum's civil case would be barred by absolute judicial immunity.

Case No. 3:22-cv-00152-SLG, *Baum v. United States*
Order on Defendant's Motion to Dismiss
Page 4 of 4
Case 3:22-cv-00152-SLG   Document 14   Filed 09/30/22   Page 4 of 4